UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. WILLIAMS, SR., ) | CASE NO. 1:25-CV-642 |
| ) | |
| Plaintiff, ) | JUDGE BRIDGET MEEHAN BRENNAN |
| ) | |
| v. ) | |
| ) | |
| CITY OF LORAIN, OHIO, *et al.*, ) | **OPINION AND ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

*Pro se* Plaintiff Michael A. Williams, Sr. ("Plaintiff" or "Williams") brought this action under 42 U.S.C. § 1983 against the City of Lorain, Chief of Police James P. McCann, and Sergeant Jesse Perkins. (Doc. 1.) Williams asserts claims for violation of his Fourth and Fourteenth Amendment rights, a state law criminal claim under Ohio Revised Code § 2927.12 for racial intimidation, and a claim for municipal liability. (*Id.*) Williams seeks monetary, declaratory, and injunctive relief. (*See id.*) Williams also filed an Application to Proceed *In Forma Pauperis.* (Doc. 2). That Application is GRANTED. For the following reasons, Williams' Complaint is DISMISSED.

I.  **BACKGROUND**

On January 15, 2024, Williams' wife called the Lorain Police Department to report a domestic incident. (Doc. 1 at 2.)[1] Williams' Complaint does not provide any information about the circumstances leading to the call. Officer Lopez of the Lorain Police Department responded and took a report from Williams' wife. (*Id.*) Williams contends his wife clearly told Officer Lopez that Williams did not hit her or threaten her. (*Id.*)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

In any event, a criminal complaint for domestic violence was filed in the Lorain Municipal Court on January 17, 2024. *See State of Ohio v. Williams*, No. 2024CRB00188 (Lorain Cnty. Mun. Ct.). The docket indicates the court held a hearing under Ohio Criminal Rule 4 that same day and determined probable cause existed to issue a warrant for Williams' arrest. *Id.* (*See also* Doc. 1 at 2.) On January 18, 2024, a team of officers led by Police Chief James McCann executed the warrant. (Doc. 1 at 2.) Williams contends the use of a team of officers was excessive. (*Id.* at 2-3.) Williams was forcibly removed from his home, handcuffed, and transported without explanation. (*Id.* at 2.) Williams claims that although he was restrained, he called 911 during the arrest to create an audio recording of the incident. (*Id.*) He asked officers to loosen his restraints to no avail. (*Id.*) Officers drove Williams to another location where he was transferred to the custody of another officer. (*Id.*)

On January 22, 2024, the court granted a temporary protection order to Williams' wife. *State of Ohio v. Williams*, No. 2024CRB00188, Dkt. 24 (January 22, 2024). The trial on Williams' charge was continued several times. *See State of Ohio v. Williams*, No. 2024CRB00188. On November 5, 2024, the prosecution dismissed the charges. *Id.*, Dkt. 134. The judge terminated the temporary protection order and dismissed the case. *Id*.

Williams' Complaint asserts five claims for relief. First, he alleges he was subjected to false arrest and false imprisonment under the Fourth and Fourteenth Amendments. Second, he asserts a claim for racial profiling in violation of the Equal Protection Clause of the Fourteenth Amendment. Third, he alleges officers used excessive force in his arrest in violation of the Fourth Amendment. Fourth, Williams brings a claim for the crime of ethnic intimidation under Ohio Revised Code § 2927.12. Last, he asserts a claim for municipal liability for a failure to train or supervise. (Doc. 1 at 3-4.) Williams seeks $500,000.00 in compensatory damages,

$250,000.00 in punitive damages, declaratory relief that Defendants violated his constitutional rights; injunctive relief to "[t]o prohibit continued racially motivated misconduct by the Lorain Police Department," and costs and attorney's fees. (*Id.* at 4.)

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III.     ANALYSIS

Williams' Complaint does not rise above a speculative level because he omits factual information necessary to state a claim. Without these factual allegations, his claims are simply legal conclusions.

In Count One, Williams asserts a claim for false arrest and false imprisonment under the Fourth and Fourteenth Amendments. As an initial matter, this claim arises under the Fourth, not the Fourteenth Amendment. *See Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020) ("This court has recognized that claims for false arrest and malicious prosecution are both constitutionally cognizable and both arise under the Fourth Amendment."). When a false imprisonment claim arises out of an alleged false arrest, those claims are identical for purposes of the Fourth Amendment. *Id.*

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. "It is a well-settled principle of constitutional jurisprudence that an arrest without probable cause constitutes an unreasonable seizure in violation of the Fourth Amendment." *Ingram v. City of Columbus*, 185 F.3d 579, 592-93 (6th Cir. 1999). Therefore, to successfully state a claim under 42 U.S.C. § 1983 for false arrest under the Fourth Amendment, a plaintiff must allege facts that plausibly suggest the arresting officers lacked probable cause to arrest him or her. *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005).

Here, Williams was arrested pursuant to a warrant issued by a court after a probable cause determination. *See State of Ohio v. Williams*, No. 2024CRB00188 (Lorain Cnty. Mun. Ct.). (*See also* Doc. 1 at 2 (discussing warrant for arrest).) "An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false

imprisonment made pursuant to § 1983." *Voyticky*, 412 F.3d at 677; *see Baker v. McCollan*, 443 U.S. 137, 143-44 (1979) (discussing the standard for a probable cause determination). "[T]he fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner." *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012). A plaintiff can rebut the presumption of probable cause by alleging facts that demonstrate the officer seeking the warrant "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood" and "such statements or omissions [we]re material, or necessary to the [magistrate judge's] finding of probable cause." *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (internal citations and quotations omitted).

Williams does not allege any facts regarding the incident that caused his wife to summon police to their home, or the content of the affidavit supporting the warrant. (*See* Doc. 1.) Other than the allegation that Williams' wife stated he "did not hit me or threaten me," the Complaint contains no information to suggest that the officers lacked probable cause to arrest him. (*Id.* at 2.) Absent any details regarding the circumstances of his arrest, Williams fails to state a claim under the Fourth Amendment for false arrest.

In Count Two, Williams brings a claim for "Racial Discrimination/profiling (Equal Protection Clause – 14th Amendment)." (*Id.* at 3.) To make an equal protection challenge, the plaintiff bears the initial burden of demonstrating discrimination has occurred against him that has not occurred against other similarly situated individuals. *See Clements v. Flashing*, 457 U.S. 957, 967 (1982); *see also City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) ("The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike."). There are no

facts in the Complaint to support or explain Williams' claim. Williams has not alleged what discrimination he faced or whether similarly situated individuals were treated differently. Without these allegations, Williams fails to state an Equal Protection claim.

In Count Three, Williams asserts a claim for use of Excessive Force under the Fourth Amendment. (Doc. 1 at 3.) Claims of excessive force are analyzed under an objective-reasonableness standard, which depends on the facts and circumstance of each case viewed from the perspective of a reasonable officer on the scene. *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]"). An officer making an investigative stop or arrest has "the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396. The question for the Court to resolve is whether, under the totality of the circumstances, the officers' actions were objectively reasonable. *See Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001)).

Williams' Complaint alleges few facts about his arrest. He indicates an "arrest team" arrived at his house, and he believes the use of a team was an excessive show of force. (Doc. 1 at 2.) He does not state how many officers were present at his arrest. Williams further indicates he was forcibly removed from the house but does not explain the type of force the officers used. (*See id.*) Williams states he asked the officers to loosen the restraints but provides no other information about his arrest. The Complaint does not contain sufficient allegations to suggest that the amount of force used to secure his arrest was objectively unreasonable under the circumstances.

In Count Four, Williams brings a claim of ethnic intimidation under Ohio Revised Code

§ 2927.12. Williams alleges he was "targeted and humiliated without cause—consistent with the definition of ethnic intimidation under *State v. Lance*, 119 Ohio App.3d 703 (1997)." (Doc. 1 at 3.)[2] The criminal statute Williams cites in Count Four does not create a private right of action. *Banks-Bey v. Acxiom*, No. 1:09-cv-1249, 2010 WL 395221, at *4 (N.D. Ohio Jan. 27, 2010).

In Count Five, Williams attempts to hold the City of Lorain liable for the actions of other Defendants. He states, "[t]he City of Lorain's policies, training failures, and supervision deficiencies constitute municipal liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) and *City of Canton v. Harris*, 489 U.S. 378 (1989)." (Doc. 1 at 3-4.) A municipality cannot be held liable for the actions of its officers and employees under a theory of *respondeat superior*. *Monell*, 436 U.S. at 692-94. A plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id.* A local government entity violates §1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id*.

A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated." *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). It must reflect "a course of action consciously chosen from among various alternatives." *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985). A "custom" for purposes of *Monell* liability must "be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. In short, a "custom" is a legal institution not memorialized by written law. *See Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993).

To state a claim for relief against a municipality under § 1983, a plaintiff must: "(1)

---

[2] The Court was unable to locate a case matching the citation in the Complaint.

identify the municipal policy of inadequate training or supervision, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). A municipality may be held liable "only where there is essentially a complete failure to train the police force" in an area where prior incidents demonstrate an obvious need for training, or where the training that provided is so "reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result." *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir.1982) (internal citations omitted). Williams' claim is not supported by factual allegations that allow the City of Lorain to be held liable for any actions of its officers or employees.

## IV. CONCLUSION

Williams' Application to Proceed *In Forma Pauperis* (Doc. 2) is GRANTED. This action is DISMISSED pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: July 15, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE